BRUCE J. SARCHET, SBN 121042
bsarchet@littler.com
RYAN EDDINGS, SBN 256519
reddings@littler.com
MAURICE BASKIN (*pro hac vice*)
mbaskin@littler.com
LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
Telephone:   559.244.7500
Facsimile:   559.244.7525

Attorneys for Plaintiffs
HCAOA and CAHSAH

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOME CARE ASSOCIATION OF AMERICA, CALIFORNIA ASSOCIATION FOR HEALTH SERVICE AT HOME,<br><br>Plaintiffs,<br><br>v.<br><br>GAVIN NEWSOM, IN HIS OFFICIAL CAPACITY AS GOVERNOR OF CALIFORNIA, XAVIER BECERRA, IN HIS OFFICIAL CAPACITY AS ATTORNEY GENERAL FOR THE STATE OF CALIFORNIA, AND KIMBERLY JOHNSON, IN HER OFFICIAL CAPACITY AS DIRECTOR OF THE CALIFORNIA DEPARTMENT OF SOCIAL SERVICES,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR DECLARATORY INJUNCTIVE RELIEF** |

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiffs HOME CARE ASSOCIATION OF AMERICA ("HCAOA") and CALIFORNIA ASSOCIATION FOR HEALTH SERVICE AT HOME ("CAHSAH") (collectively "Plaintiffs") hereby allege as follows:

**INTRODUCTION**

1. The State of California has enacted a law, AB 2455 (California Health and Safety Code §1796.29) (effective July 1, 2019), compelling disclosure of the personal and private contact information of privately employed home care workers to labor unions who have not been designated by such home care employees as their bargaining representatives. The State has thereby intruded upon an area governed exclusively by the National Labor Relations Act (NLRA), as administered by the National Labor Relations Board (NLRB). The new State law invades the privacy of home care employees and adversely impacts the ability of home care employers to provide licensed home care services in the State. AB 2455 violates well-settled principles of federal labor law preemption and must therefore be declared unlawful and enjoined.

2. Under so-called *Garmon* preemption, no state is permitted to regulate any activity arguably protected or prohibited by the NLRA and committed to the NLRB's exclusive jurisdiction. *San Diego Building Trades Council v. Garmon*, 359 U.S. 236 (1959). The NLRB has specified in great detail the limited circumstances under which any disclosure of employee contact information to labor unions can be compelled. Under the related doctrine known as *Machinists* preemption, no state is permitted to regulate conduct that Congress intended to remain unregulated and left to the "free play of economic forces." *Machinists v. Wisc. Emp't Relations Comm'n*, 427 U.S. 132, 140 (1976). Under either or both doctrines, the disclosure requirements of California's AB 2455 must be declared unconstitutionally preempted by federal labor law and permanently enjoined. *See also Chamber of Commerce v. Brown* 554 U.S. 60 (2008).

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over the subject matter of this civil action under 28 U.S.C. § 1331 because it arises under the Constitution and laws of the United States, and under 28 U.S.C. § 1337 because it arises under an Act of Congress regulating commerce.

4. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) because Defendants

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF     2.

reside or are found in this judicial district and because a substantial portion of the events giving rise to this action occurred in this judicial district.

**PARTIES**

5. Plaintiff HCAOA is a non-profit organization created and existing under the laws of the state of Indiana, headquartered at 444 N. Capitol Street, N.W., Suite 397, Washington, D.C. 20001.  HCAOA is the home care industry's leading trade association – currently representing nearly 3,000 companies that employ more than 500,000 caregivers across the United States, many of whom are based in California.  HCAOA protects industry interests, promotes industry values, tackles barriers to growth and takes on industry-wide issues.  HCAOA is a champion and advocate for its members, for caregivers, and for seniors in California and across America.

6. Plaintiff CAHSAH is a California non-profit mutual benefit corporation headquartered at 3780 Rosin Court, Suite 190, Sacramento, CA  95834.  CAHSAH's mission is to promote quality home care and enhance the effectiveness of its members.  CAHSAH comprises and represents approximately 500 members and over 1000 locations as well as 100+ affiliates providing health and supportive services and products in the home.

7. Plaintiffs HCAOA and CAHSAH each have standing to pursue this action as associations representing employers and employees injured by AB 2455, because: (1) one or more of each plaintiffs' members would have standing to sue in their own right; (2) the interests asserted in this litigation are germane to each plaintiffs' purposes as an association of home care employers; and (3) neither the claims asserted nor the relief requested requires the participation of the individual members of either of the plaintiff associations.  The legally protected interests of Plaintiffs' California members and their employees are plainly infringed by AB 2455, in a manner not shared by all citizens of the state.

8. Plaintiffs' home care employer members employ and/are about to employ thousands of home care employees who must provide personal contact information in order to obtain or renew their licenses on or after July 1, 2019.  Under the terms of AB 2455, as further discussed below, all such employees' personal contact information will become subject to disclosure to labor unions after July 1, 2019.  Such disclosure, and the prospect of such disclosure, will harm the employees of

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF         3.

Plaintiffs' members (the overwhelming majority of whom are women) by invading their expectations of privacy and security and by subjecting them to unwanted organizing communications from labor unions in California.

9. Plaintiffs' employer members are frequent targets of union organizing efforts. As part of such efforts, labor unions regularly attempt to obtain personal contact information of Plaintiffs' members' employees. Until the enactment of AB 2455, Plaintiffs' members were protected by Section 1796 of the Health and Safety Code, and by the regulations of the NLRB (discussed below) from unwarranted disclosure of such personal contact information detrimental to Plaintiffs' members' employees. The loss of that protection is directly harmful to the ability of Plaintiffs' members to protect the privacy rights of their employees, and will injure Plaintiffs' members' efforts to recruit new employees and/or renewals of employees after July 1.

10. Defendants are officials of the State of California charged with implementing and administering AB 2455.

**THE CHALLENGED STATUTE**

11. Sponsored by SEIU California, a labor union, California's AB 2455 amends California's Home Care Services Consumer Protection Act, Health and Safety Code Section 1796.10, *et seq*. The previously enacted Act provided for the licensure and regulation of home care organizations by DSS, and for the registration of home care aides, including creation of a home care aide registry on the Internet. *Id. see also* Legislative Counsel's Digest of AB 2455 as enacted, at https://leginfo.legislature.ca.gov. As originally enacted in 2016, the Act prohibited the newly created home care aid registry on DSS's Internet Web site from disclosing any individually identifiable information about a registered home care aide or home care aide applicant. *Id.*

12. Effective July 1, 2019, however, AB 2455 has amended Section 1796.29 of the Health and Safety Code to add the unprecedented requirement that DSS, for any new registration or renewal of registration of a home care aide occurring after that date, provide upon request specified personal contact information of home care aides "to a labor organization in which a provider of in-home supportive services [as defined elsewhere in the Code] or a registered home care aide, already participates and which exists for the purpose in whole or in part, of dealing with employers of home

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF     4.

care aides [concerning specified labor matters]." *Id.,* 1796.29(d)(1).  The specific information DSS is required by the amendment to provide is "an electronic copy of a registered home care aide's name, telephone number, and cellular telephone number on file with the department." *Id.*

13. Governor Brown vetoed a predecessor bill, AB 1513 (2017), also sponsored by SEIU California, which would have provided the same contact information of home care aides to labor unions.  In his veto message, the governor stated: "I am concerned about now releasing the personal information of these home care aides, who joined the registry without knowing that their information would be disclosed by this bill."  Letter from Edmund G. Brown, Jr., to the members of the California State Assembly (October 15, 2017), https://www.ca.gov/archive/gov39/wp-content/uploads/2017/11/ab_1513_veto_message_2017.pdf.

14. AB 2455 purports to address Governor Brown's concerns by making the disclosure of contact information applicable only to aides who first register or renew their registration on or after July 1, 2019, and by allowing aides to "opt out" of the disclosure of their contact information to a labor union.  Section 1796.29(d)(2).  Notwithstanding these changes to the disclosure requirements, AB 2455 still compels the disclosure of personal contact information of thousands of employees of Plaintiffs' members directly to labor unions, expressly for use by such unions in organizing employees covered by the NLRA, regardless of whether such unions currently represent the employees, and regardless of whether the Union has filed a petition with the NLRB to represent such employees.

**LABOR LAW PREEMPTION UNDER THE SUPREMACY CLAUSE**

15. It is well settled under the Supremacy Clause of the U.S. Constitution that federal law may preempt state regulation of the same subject matter.  In particular, with regard to private sector labor unions, the U.S. Supreme Court has held that state laws which interfere with the integrated scheme of regulation established by the National Labor Relations Act (NLRA) are preempted.

16. The NLRA contains a comprehensive and detailed process by which labor unions may seek to organize and represent employees in the home care industry (and other industries).  As part of that process, the NLRA vests exclusive jurisdiction in the NLRB, an independent federal agency, to establish rules and regulations governing every aspect of the union organizing process.

17. The NLRB has promulgated detailed rules governing whether and when disclosure to unions of personal contact information of employees can be compelled. See 29 C.F.R. §§ 102.60-67. Prior to compelling such disclosure of personal contact information of any unrepresented employees, the union must make a "showing of interest" among an appropriate bargaining unit of employees, employed by a specifically named employer, under procedures spelled out in regulations promulgated by the NLRB. *Id.* Pursuant to the NLRB's regulations, if and *only* if a Regional Director of the NLRB certifies that a question concerning representation exists and directs the conduct of a secret ballot election in an appropriate bargaining unit, pursuant to a stipulated election agreement between the parties, or after a hearing and decision and direction of election by the Regional Director, then and *only* then is the union entitled to receive the personal contact information of employees in the petitioned-for bargaining unit. *Id.* at §102.62(d) and 102.67(k).

18. Contrary to this well-established federal regulatory scheme, AB 2455 compels disclosure to private sector labor unions of the contact information of employees employed by Plaintiffs' members, expressly for organizational use by such unions. Such disclosure may be compelled under the new state law regardless of whether the unions make any showing of interest among an appropriate bargaining unit of employees and regardless of whether the NLRB has directed an election among such employees for them to choose whether to be represented by the union.

**COUNT 1 – *GARMON* PREEMPTION UNDER THE NLRA**

19. Plaintiffs incorporate by reference the allegations contained in all the preceding paragraphs.

20. The NLRA preempts state regulation of issues committed to the exclusive jurisdiction of the NLRB, as well as state regulation of any activity arguably protected or prohibited by the NLRA. *San Diego Building Trades Council v. Garmon,* 359 U.S. 236 (1959).

21. The NLRA vests exclusive jurisdiction with the NLRB to regulate the process of union organizing of privately employed home care employees. Pursuant to that jurisdiction, the NLRB has issued detailed regulations specifying the limited circumstances under which labor unions are entitled to obtain personal contact information of employers' employees in the home care

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF                   6.

industry (and other industries). Pursuant to NLRB Rule 102 (29 C.F.R. § 102.62(d) and 102.67(k)), such information can only be disclosed to a labor union upon a filing of a representation petition with the NLRB supported by a sufficient showing of interest as to raise a question of representation followed by a stipulated election agreement between the union and the employer, or else following a hearing and direction of election by the Regional Director.

22. AB 2455 unlawfully arrogates to the State the purported authority to compel disclosure of home care employees' personal contact information to specified labor unions, in direct conflict with the regulations promulgated by the NLRB and the exclusive jurisdiction over private sector labor relations vested in the NLRB by the NLRA.

23. Because of the foregoing conflict and *Garmon* preemption, AB 2455 violates the Supremacy Clause of the U.S. Constitution.

**COUNT II – *MACHINISTS* PREEMPTION UNDER THE NLRA**

24. Plaintiffs incorporate by reference the allegations contained in all the preceding paragraphs.

25. In *Machinists v. Wisc. Emp't Relations Comm'n*, 427 U.S. 132, 140 (1976), the U.S. Supreme Court recognized that Congress intended certain conduct to be unregulated by government and left to "the free play of economic forces," and that Congress struck a balance of protection prohibition, and laissez-faire in respect to union organization, collective bargaining, and labor disputes. *Chamber of Commerce v. Brown,* 554 U.S. 60, 65 (2008). Accordingly, States may not regulate "within a zone protected and reserved for market freedom" by the NLRA, *Id.* at 66.

26. Here, the NLRA leaves unregulated, except as determined by the NLRB, any authority to compel disclosure of personal contact information of employees in the home care industry (or other industries) to labor unions. Therefore, by compelling disclosure to labor unions of such personal contact information of employees of Plaintiffs' member employers, AB 2455 regulates within a zone protected and reserved for market freedom by Congress and is again preempted under the Supremacy Clause.

**REQUEST FOR DECLARATORY AND INJUNCTIVE RELIEF**

Without a declaratory judgment and an injunction enjoining enforcement of AB 2455

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

7.

(amending California Health and Safety Code 1796.29(d)), Plaintiffs and their members and employees in the home care industry will be deprived of the rights sought to be enforced by the Complaint. Plaintiffs have no adequate remedy at law as to the matters for which they seek an injunction and are now enduring, and in the future will endure.

Wherefore, Plaintiffs hereby request that the Court enter a judgment:

a. Declaring that AB 2455 is unconstitutional under the Supremacy Clause of the U.S. Constitution and preempted by the NLRA.

b. Enjoining the State of California and all of its subdivisions and the Attorney General and all others acting in concert with them, and each of them, from enforcing any of the provisions of AB 2455, and specifically enjoining the Defendants from compelling or authorizing disclosure of personal contact information of home care employees to labor unions.

c. Granting such further relief to Plaintiffs as may be just and proper.

Dated: July 3, 2019

*/s/ Bruce J. Sarchet*
BRUCE J. SARCHET
RYAN L. EDDINGS
MAURICE BASKIN
LITTLER MENDELSON, P.C.
Attorneys for Plaintiffs
HCAOA and CAHSAH

FIRMWIDE:165355421.1 102903.1000

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF        8.