# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **HOME CARE ASSOCIATION OF AMERICA, CALIFORNIA ASSOCIATION FOR HEALTH SERVICE AT HOME,**<br><br>**Plaintiffs**<br><br>v.<br><br>**GAVIN NEWSOM, IN HIS OFFICIAL CAPCITY AS GOVERNOR OF CALIFORNIA, XAVIER BECERRA, IN HIS OFFICIAL CAPACITY AS ATTORNEY GENERAL FOR CALIFORNIA, AND KIMBERLY JOHNSON, IN HER OFFICIAL CAPACITY AS DIRECTOR OF THE CALIFORNIA DEPARTMENT OF SOCIAL SERVICES,**<br><br>**Defendants** | **CASE NO. 1:19-CV-0929 AWI EPG**<br><br>**ORDER RE: MOTION FOR LEAVE TO INTERVENE**<br><br>**(Doc. 8)** |

## I. Background

In 2018, the State of California passed AB 2455 which added Cal. Health & Safety Code §1792.29(d):

> (1) For any new registration or renewal of registration occurring on and after July 1, 2019, the department shall provide an electronic copy of a registered home care aide's name, telephone number, and cellular telephone number on file with the department, upon its request, to a labor organization in which a provider of in-home supportive services, as described in Article 7 (commencing with Section 12300) of Chapter 3 of Part 3 of Division 9 of the Welfare and Institutions Code, or a registered home care aide, already participates and which exists for the purpose, in whole or in part, of dealing with employers of home care aides concerning access to training, grievances, labor disputes, wages, rates of pay, hours of employment, or conditions of work. The labor organization shall not use this information for any purpose other than employee organizing, representation, and assistance activities. The labor organization shall not disclose this information to any other party.

> (2) The department shall establish a simple opt-out procedure by which a registered home care aide or registered home care aide applicant may request that his or her contact information on file with the department not be disclosed in response to a request described in paragraph (1).

The new law generally requires the Department of Social Services to disclose certain contact information of certified home care providers to labor unions to assist in unionization efforts in that industry. Plaintiffs Home Care Association of America and California Association for Health Service at Home are associations whose members are employers of home care providers. Plaintiffs argue that Section 1792.29(d) is preempted by the National Labor Relations Act as administered by the National Labor Relations Board. Defendants Gavin Newsom, Xavier Becerra, and Kimberly Johnson are California state officials charged with implementing and administering Section 1792.29(d).

Service Employees International Union Local 2015 ("SEIU Local 2015") is a labor union that represents home care and nursing home workers in California. SEIU Local 2015 seeks leave to intervene as a defendant. Doc. 8. Defendants have indicated non-opposition to the request. Doc. 12. Plaintiffs oppose the request. Doc. 15.

## II. Discussion

"On timely motion, the court must permit anyone to intervene who….claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. Rule Civ. Proc. 24(a)(2). The U.S. Supreme Court has stated that "The requirement of the Rule is satisfied if the applicant shows that representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as minimal." Trbovich v. UMW, 404 U.S. 528, 538 n.10 (1972). The Ninth Circuit has prescribed a four part test:

> (1) the motion must be timely; (2) the applicant must claim a 'significantly protectable' interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action.

Forest Conservation Council v. United States Forest Serv., 66 F.3d 1489, 1493 (9th Cir. 1995), citing Sierra Club v. United States EPA, 995 F.2d 1478, 1481 (9th Cir. 1993). Plaintiffs have courteously specified that they object to only the last part of the test, allowing all parties and the court to focus on the real point of dispute. Doc. 15, 2:20-22.

In considering whether a party meets the fourth prong of the test, the Ninth Circuit has stated:

> This Court considers three factors in determining the adequacy of representation: (1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect.
>
> The most important factor in determining the adequacy of representation is how the interest compares with the interests of existing parties. When an applicant for intervention and an existing party have the same ultimate objective, a presumption of adequacy of representation arises. If the applicant's interest is identical to that of one of the present parties, a compelling showing should be required to demonstrate inadequate representation.
>
> There is also an assumption of adequacy when the government and the applicant are on the same side. In the absence of a 'very compelling showing to the contrary,' it will be presumed that a state adequately represents its citizens when the applicant shares the same interest. Where parties share the same ultimate objective, differences in litigation strategy do not normally justify intervention.

Arakaki v. Cayetano, 324 F.3d 1078, 1086 (9th Cir. 2003), citations omitted. In this case, SEIU Local 2015 is seeking to intervene as a defendant. The existing Defendants are all California officials being represented by the California Office of the Attorney General. Thus, there would appear to be an assumption of adequacy of representation in this case.

SEIU Local 2015 argues that more specific precedent applies. In analogous cases concerning unions, courts have found inadequate representation because the union's interest was more "narrow and parochial than California officials' broad and more abstract interest in defending the laws of the State." Doc, 8-1, 8:25-27, citing Allied Concrete & Supply Co. v. Baker, 904 F.3d 1053, 1067 (9th Cir. 2018). The key case originating this line of precedent is Californians for Safe & Competitive Dump Truck Transp. v. Mendonca, 152 F.3d 1184 (9th Cir. 1998). In Mendonca, public works contractors sued California state agencies over the California Prevailing Wage Law which set a separate minimum wage for their employees. The plaintiffs

3

argued that the California law was preempted by federal law.  The defendants were the state agencies charged with enforcing the California law.  A union which represented some of plaintiffs' employees sought to intervene on the side of the defense.  The Ninth Circuit approved the grant of intervention, finding that "because the employment interests of IBT's members were potentially more narrow and parochial than the interests of the public at large, IBT demonstrated that the representation of its interests by the named defendants-appellees may have been inadequate." Id. at 1190.  Allied Concrete dealt with a preemption challenge to a related California statute which specified that the hauling and delivery of ready-mixed concrete for public projects was covered under the California Prevailing Wage Law; the union was again permitted to intervene on the side of the state entity defending the suit based on the same reasoning. Allied Concrete & Supply Co. v. Baker, 904 F.3d 1053, 1067 (9th Cir. 2018).

Plaintiffs argue that Allied Concrete is distinguishable because, "The State was called upon to defend [the] scope of its prevailing wage laws generally while the Teamsters' interest was the narrower one of including its drivers [hauling and delivering concrete] within the law's coverage." Doc. 15, 4:27-5:1.  Plaintiffs assert that in this case, the interests of SEIU Local 2015 and the Defendants are exactly coextensive:

> But the Union does not provide anything more than its unsupported assertion to show that the government's interest is different. Moreover, this assertion is false. The State of California passed AB 2455 for a specific (federally preempted) reason: to promote the union organizing interests relating to home care aides so that such aides would, in the State's view, obtain higher wages, greater access to training and lower turnover rates, all of which the State believes will be accomplished by requiring the disclosure to the putative intervenor and other labor organizations of the names and contact information of such aides. The idea that the government defendants will now do other than fully and wholly defend the legislation passed by the state is not grounded in reality or reasonableness.

Doc. 15, 4:2-9.  This distinction is not persuasive.  In both cases, the state is trying to defend the enforceability of its law while the union is trying to obtain the benefits of the law for itself or its members.  The Ninth Circuit has found that the latter interest is potentially narrower than the former in a way that meets the fourth prong of the Rule 24(a)(2) intervention test. Notwithstanding the more general Arakaki language, Mendonca and Allied Concrete are the governing precedent in this situation.

4

SEIU Local 2015 cites to Eastern District of California cases that relied upon Mendonca and Allied Concrete to allow intervention to unions even when a state was already a defendant. See W. States Trucking Ass'n v. Schoorl, 2018 WL 5920148, *2 (E.D. Cal. Nov. 13, 2018); Air Conditioning Trade Ass'n v. Baker, 2012 WL 3205422, *4-5 (E.D. Cal. July 31, 2012) (noting that the Mendonca opinion does not provide much explanation for exactly how the union's interest might be narrower than the state). In contrast, Plaintiffs only cites to out of circuit cases to support their assertion that intervention is unnecessary when the union's interests are exactly identical to that of the state. See United States Postal Serv. v. Brennan, 579 F.2d 188 (2nd Cir. 1978); Blanchard v. Johnson, 532 F.2d 1074 (6th Cir. 1976); United States v. City of N.Y., 2007 U.S. Dist. LEXIS 65668, *1 (E.D.N.Y. Sep. 5, 2007). Plaintiffs point to no cases from within the ambit of the Ninth Circuit that denied intervention in similar circumstances. Intervention under Rule 24(a)(2) is appropriate.

SEIU Local 2015 also argues in the alternative that permissive intervention should be granted. Because intervention as a matter of right is granted, the question of permissive intervention need not be examined.

### III. Order

SEIU Local 2015's motion for leave to intervene is GRANTED. SEIU Local 2015 is directed to file an answer within fourteen (14) days.

IT IS SO ORDERED.

Dated:   November 13, 2019

SENIOR DISTRICT JUDGE

5